```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF SOUTH CAROLINA
```

Jafari Callaham Jr., # 285448,                 ) C/A No. 2:08-3147-CMC-RSC
                                               )
                                               )
                            Plaintiff,         )
                                               )
                                               )
vs.                                            ) **Report and Recommendation**
                                               )
Robert M. Stevenson;                           )
Tonya Jewell;                                  )
South Carolina Department of Corrections;      )
State of South Carolina,                       )
                                               )
                            Defendants.        )
                                               )

## *Background of this Case*

The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). Defendant Robert M. Stevenson is the Warden of the Broad River Correctional Institution. Although the plaintiff does not disclose Tonja Jewell's employment, information contained in a pending case shows that she is the Food Service Director of the SCDC.[1] The plaintiff has also named the South Carolina Department

---

[1] *See* Complaint in *Patrick Guess v. South Carolina Department of Corrections Food Service, et al.*, Civil Action No. 9:08-02780-TLW-BM. In the above-captioned case, this court may take judicial notice of Civil Action No. 9:08-02780-TLW-BM. *Aloe*
                                                               (continued...)

1

of Corrections and the State of South Carolina as defendants. In his answer to Question II(B) of the Section 1983 complaint form, the plaintiff states that he is attempting to litigate "negligence" and "Reparation for injuries caused by negligence" in the above-captioned case.

The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of three (3) incidents of alleged negligence with respect to the food served to the plaintiff. The three events appear in the table below:

| Date of Incident | Type of Incident | Initial Action by SCDC | Grievance Filed? |
|---|---|---|---|
| Aug. 23, 2008 | rock in beans at lunch resulting in two broken teeth | Food Tray Replaced | Yes |
| Aug. 28, 2008 | roach in food at lunch | Food Tray Replaced | Yes |
| July 30, 2008 | cold breakfast | none | yes |

---

(...continued)
*Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

On page 4 of the complaint, the plaintiff indicates that he has not received a response to his grievances "with the exception of the one to medical saying that I [the plaintiff] would be allowed to see the dentist when he/she became available." (Complaint [Entry No. 1], at page 4).[2]

In his prayer for relief, the plaintiff seeks a court order directing the State of South Carolina or the responsible individual to pay for his teeth to be fixed or replaced, a "fair fine" for his pain and suffering, a court order directing that the SCDC retain a more responsible and less negligent food service provider, and a court order directing that the South Carolina Department of Health and Environmental Control ("DHEC") make regular, non-scheduled checks (inspections) of the plaintiff's prison, food service provider, and food preparation area with placement of the results in an area available to all inmates.

## *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* complaint pursuant to

---

[2] With respect to the SCDC's failure to respond the plaintiff's grievances, *see Jones v. Bock*, 75 U.S.L.W. 4058, 166 L.Ed.2d 798, 127 S.Ct. 910 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints).

[3] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to
(continued...)

the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's

---

(...continued)
review such complaints for relief and submit findings and recommendations to the District Court.

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff acknowledges that the rock in his beans on August 23, 2008, was the result of negligence. Negligence is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989)(Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

The Supreme Court has held that "extreme deprivations" are required to make a valid "conditions of confinement" claim. *Hudson*

v. *McMillian*, 503 U.S. 1 (1992). The Eighth Amendment protects prison inmates from "'cruel and unusual punishments,'" including punishments that "'involve the unnecessary and wanton infliction of pain.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2nd Cir. 1994). The Eighth Amendment prohibits "grossly disproportionate" penalties, "as well as those that transgress today's 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Hutto v. Finney*, 437 U.S. 678, 685 (1978).

Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Although the plaintiff would prefer to have had hot food at breakfast on July 30, 2008, the temperature of the food is irrelevant if the food is nutritionally adequate. *See Brown v. Detella*, 1995 U.S.Dist. LEXIS 13260, *7-*8 (N.D. Ill., Sept. 7, 1995) (*citing Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985): "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."). Hence, the plaintiff has not raised a cognizable claim under the Eighth Amendment with respect to the cold breakfast served on July 30, 2008. *See Prophete v. Gilless*, 869 F. Supp. 537, 538 (W.D. Tenn. 1994); and *Cosby v. Purkett*, 782 F. Supp. 1324, 1329 (E.D. Mo. 1992). *See also Landfair v. Sheahan*, 878 F. Supp. 1106 (N.D. Ill.,

Feb. 28, 1995); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989); *Chavis v. Fairman*, 1994 U.S. Dist. LEXIS 1850, *11 n. 5, 1995 WL 55719 (N.D. Ill., Feb. 15, 1994) ("While Chavis depicts less than optimal eating conditions and fare, all of his allegations combined still fail to suggest that he was being served food which posed 'an immediate danger to his health and well being.'"), *affirmed*, *Chavis v. Fairman*, 51 F.3d 275 [Table], 1995 U.S.App. LEXIS 7916, 1995 WL 156599 (7th Cir., April 6, 1995).

Moreover, most federal courts that have considered the issue have ruled that the temperature or variety of food is not a constitutional violation:

> Fisher complains that food was served cold "65 percent of the Time." (Compl. P IV.) The Eighth Amendment requires that prisoners be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)(*quoting Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041, 68 L. Ed. 2d 239, 101 S. Ct. 1759 (1981)). Fisher does not allege that the food served was nutritionally inadequate; Fisher's only complaint is that it was sometimes cold. Such a claim does not rise to the level of a constitutional violation and is accordingly dismissed. *See, e.g., Madyun v. Thompson*, 657 F.2d 868, 875 (7th Cir. 1981)[.]

*Fisher v. Department of Correction*, 1995 U.S.Dist. LEXIS 15206, *13-*14, 1995 WL 608379 (S.D.N.Y., Oct. 12, 1995). *See also Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (prison

officials' serving cold and poorly prepared food did not constitute cruel and unusual punishment because prisoners received three meals a day in compliance with nutritional guidelines set by dietician, and food did not offend contemporary standards of decency); *Garvin v. Fairman*, 1995 U.S.Dist. LEXIS 13332, *14, 1995 WL 548638 (N.D. Ill., Sept. 11, 1995) (*following Lunsford v. Bennett*: "In this case, although Garvin alleges that the food at the CCJ caused him stomach aches and heartburn, he cannot contend that ingestion of these meals placed him in immediate danger of the sort of harm contemplated by the Due Process Clause."); *Hoitt v. Vitek*, 497 F.2d 598 (1st Cir. 1974) (no valid civil rights claim stated where complaint alleged denial of hot meal but prisoners were adequately fed).

With respect to the roach in the food on August 28, 2008, the plaintiff was not injured. The plaintiff noticed the roach and immediately apprised Officer Anderson, who replaced the "roach tray" with another food tray.[5]

---

[5]*See also Manley v. Fordice*, 945 F. Supp. 132, 138-39 (S.D. Miss. 1996), *affirmed without opinion, Manley v. Fordice*, 132 F.3d 1455 (5th Cir. 1997) [Table]:

> The standard to be used in determining whether conditions of confinement are cruel and unusual under the Eighth Amendment was set forth in *Chapman, supra* [*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)]. Indicia of confinement constituting cruel and unusual punishment include "wanton and unnecessary infliction of pain," conditions "grossly
> (continued...)

The plaintiff's allegations relating to the three incidents do not establish a conditions of confinement claim relating to food. *See Ford v. Board of Managers of the New Jersey State Prison*, 407 F.2d 937, 939, 18 A.L.R.Fed. 1 (3rd Cir. 1969) (finding no constitutional violation when inmates in solitary confinement were given four slices of bread and a pint of water three times a day and one full meal every third day); *Vice v. Harvey*, 458 F. Supp. 1031, 1039 (D.S.C. 1978); and *Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 656 (D.S.C. 2007) (merely serving food cold does not present a serious risk of harm or an immediate danger to the

---

(...continued)
        disproportionate to the severity of the crime warranting imprisonment," and deprivation of the "the minimal civilized measure of life's necessities." *Wilson v. Lynaugh*, 878 F.2d at 848 [*Wilson v. Lynaugh*, 878 F.2d 846, 848 (5th Cir. 1989)] *quoting Chapman*, 452 U.S. at 346-47, 101 S.Ct. at 2398-2400; *Vega v. Parsley*, 700 F.Supp. 879, 883 (W.D.Tex.1988).

        The Constitution simply does not mandate comfortable prisons. *Vega*, 700 F.Supp. at 883. The Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989). Inmates cannot expect the amenities, conveniences, and services of a good hotel. *Wilson*, 878 F.2d at 849, n. 5 *citing Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir.1988).

9

health of an inmate), *affirmed*, 235 Fed.Appx. 127, 2007 U.S. App. LEXIS 18821, 2007 WL 2274864 (4th Cir., Aug. 8, 2007).[6]

The State of South Carolina and the South Carolina Department of Corrections are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

---

[6] For examples of cases where constitutional violations in food service were found, *see Domegan v. Fair*, 859 F.2d 1059, 1063-65 & n. 5 (1st Cir. 1988) (serving of bread and water to prisoners over an extended period of time is a constitutional violation); *Harris v. Fairman*, 1995 U.S. Dist. LEXIS 4038, 1995 WL 151806 (N.D. Ill., March 30, 1995); and *Howard v. Wallace*, 1994 U.S.Dist. LEXIS® 18915, *17 [no WESTLAW citation available] (S.D. Ala. Oct. 31, 1994) (magistrate judge's Report and Recommendation), *adopted*, 1994 U.S.Dist. LEXIS 18900 [no WESTLAW citation available] (S.D. Ala., Dec. 22, 1994).

10

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

September 18, 2008
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12